IN THE SUPREME COURT OF THE STATE OF NEVADA

JEREMY STROHMEYER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76570

**FILED**

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Jeremy Strohmeyer filed his petition nearly 18 years after the entry of his judgment of conviction. Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, it was successive because he had previously filed a postconviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Strohmeyer's petition therefore was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). And because the State specifically pleaded laches, Strohmeyer also had to overcome the rebuttable presumption of prejudice to the State. *See* NRS 34.800(2).

Strohmeyer argues that *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which made *Miller v. Alabama*, 567 U.S. 460 (2012), retroactive, and related amendments to NRS 176.025 provided good cause for him to challenge his sentence of life without the possibility of parole for first-degree murder. We disagree because Strohmeyer was over the age of 18 when he committed his crimes and therefore *Montgomery* and *Miller* afford him no relief and the related amendments to NRS 176.025 do not apply to him. And

19-44003

because any general Eighth Amendment challenge to his life-without-parole sentence and argument to extend *Miller* to 18-year-old offenders were reasonably available long before he filed the underlying petition, we decline to address Strohmeyer's arguments about the district court's findings and conclusions that go to the merits of the defaulted claims. Because the petition was untimely and successive and Strohmeyer failed to demonstrate good cause, we conclude the district court did not err in denying the petition.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.                    _____, Sr. J.
Parraguirre                                                 Douglas

cc:    Chief Judge, The Eighth Judicial District Court
       Eighth Judicial District Court, Dept. 8
       Pitaro & Fumo, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]We note there is an additional problem with Strohmeyer's petition. Because he pleaded guilty, his petition was limited by NRS 34.810(1)(a) to claims that challenge the validity of his guilty plea or allege ineffective assistance of counsel. Strohmeyer did not assert any claims that are cognizable under NRS 34.810(1)(a).

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under general orders of assignment.